Dear Mr. Dionisi:
You have requested an opinion of the Attorney General regarding the Louisiana Deferred Compensation Plan (LDCP), enacted pursuant to R.S. 42:1301-1308 and Internal Revenue Code (IRC) Section 457. The LDCP was established for the purpose of providing supplemental retirement income to employees and independent contractors of a Louisiana public employer, by permitting such individuals to defer a portion of their compensation into the LDCP. Currently, participants and employers are utilizing the LDCP under the following scenarios:
 1. As a voluntary plan, with employee only deferrals, separate from, and in addition to, a primary retirement plan or Social Security coverage.
 2. As a mandatory plan, with employee only deferrals, in lieu of Social Security coverage (as per IRC Section 3121).
 3. As a mandatory plan, with employee and employer contributions, in lieu of Social Security coverage (as per IRC Section 3121).
 4. As a voluntary plan, with employee contributions and employer match, as a supplemental retirement benefit, separate from, and in addition to, a primary retirement plan or Social Security Coverage.
A question has been submitted by Ms. Cathy Wells, Executive Director of the Louisiana Assessor's Association, as to whether an employer (i.e., an assessor's office) may elect to make matching contributions on behalf of an employee (whether classified or unclassified) to any eligible IRC Section 457 plan, other than the LDCP. In addition, Ms. Wells asks whether an elected or appointed official, whose maximum compensation is set by statute, can match to any eligible IRC Section 457 plan, other than the LDCP.
In answer to your first question, we have reviewed the laws and constitutional provisions relative to this issue, and can find no prohibition against the implementation of any voluntary supplemental retirement plan with employee contributions and employer match, which will be separate from, and in addition to, a primary retirement plan. We specifically find that, if the plan constitutes an authorized pension program, voluntary contributions made by an employer would not be prohibited under the constitution and laws of this State. Article VII, Section 14(B)(2). In accord is Attorney General Opinion No. 98-490.
In answer to your second question, we refer you to Act No. 132 of the 1999 Regular Session of the Louisiana Legislature (Act 132). Act 132 enacted R.S. 47:1907(A)(3), relative to the participation by assessors in deferred compensation plans. It provides as follows:
 § 1907. Salaries
 A.
 * * *
 (3) Nothing in this Section shall be construed to limit an assessor from participation in an approved state deferred compensation plan as specified in R.S. 42:1301 et seq. An assessor shall not authorize or receive an employer contribution that would be more favorable than that offered to the employees of the assessor's office.
(Emphasis added.)
As can be gleaned from the above, R.S. 47:1907(A)(3) limits the employer contribution on behalf of the assessor to the LDCP.
Care should be taken by the public employer seeking to implement the plan that the total amount of employee and employer contributions eligible for deferral does not exceed that allowable under federal law. Any questions relating to this issue should be directed to the Employee's Benefit Exempt Organizations Division of the Internal Revenue Service at (202)-622-6030.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj